```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
PATRICIA M. RODRIGUEZ,                  :
                                        :    Case No. 21-cv-00752
        Plaintiff,                      :
                                        :    OPINION & ORDER
                                        :    [Resolving Doc. 1]
vs.                                     :
                                        :
COMMISSIONER OF                         :
SOCIAL SECURITY,                        :
                                        :
        Defendant.                      :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security case, Plaintiff Rodriguez objects to Magistrate Judge Henderson's recommendation that the Court affirm the Social Security Administration Commissioner's decision to deny Rodriguez's application for Supplemental Security Income ("Supplemental Security Benefits") and Disability Insurance Benefits ("Disability Benefits"). This Court's review decides whether the Administrative Law Judge ("ALJ") failed to properly articulate her reasons for finding plaintiff's primary care physician's disability opinion unpersuasive.

For the following reasons, the Court **ADOPTS** Magistrate Judge Henderson's R&R and **AFFIRMS** the Commissioner's final decision.

I. Background[1]

On June 5, 2018, Rodriguez filed applications for Disability Benefits and Supplemental Security Benefits, alleging a disability onset date of June 21, 2017.[2] After a

---

[1] The Court discusses the background only as necessary to resolve Defendant's objection.
[2] Tr. at PageID# 225.

Case No. 21-cv-00752
Gwin, J.

hearing, an ALJ found Rodriguez not disabled.[3] The decision became final on February 3, 2021.[4]

On April 7, 2021, Rodriguez filed a Complaint challenging the Commissioner's decision.[5] In a report after a referral, U.S. Magistrate Judge Carmen E. Henderson recommended this Court affirm the Commissioner's decision. In subsequent briefing, Rodriguez argues that: "The Magistrate Judge improperly determined the ALJ clearly explained her rejection of Dr. Crowe's opinion."[6] The government declined to file a substantive response.[7]

II.   Discussion

Under the Federal Magistrates Act, a district court makes de novo review to objections of a magistrate judge's report and recommendation.[8] This Court decides whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[9] However, "[e]ven if supported by substantial evidence, [ . . . ] a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits."[10]

Relevant to Plaintiff's objection in this case, 20 C.F.R. § 404.1520c(b) requires the ALJ to "articulate in [her] determination or decision how persuasive [she] find[s] all of the

---

[3] *Id.* at PageID# 222.
[4] *Id.* at PageID# 65.
[5] Doc 1.
[6] Doc. 22 at 1.
[7] Doc. 23.
[8] 28 U.S.C. § 636(b)(1).
[9] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)).
[10] *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 282 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006)).

-2-

Case No. 21-cv-00752
Gwin, J.

medical opinions and all of the prior administrative medical findings in [Plaintiff's] case record."

And some courts have determined that "a district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'"[11]

Here, Plaintiff objects to claimed legal errors in the ALJ's decision—namely, that the ALJ failed to sufficiently explain why she rejected Plaintiff's treating physician's assessment.[12]

### A. Treating Physician Dr. William E. Crowe's report

On September 11, 2019, Rodriguez's treating physician, Dr. Crowe, completed a physical medical source statement.[13] Dr. Crowe diagnosed Rodriguez with "Lupus with arthritis, pulmonary emboli, pleurisy, continuous possible postural orthostatic tachycardia syndrome."[14] Consistent with these diagnoses, Dr. Crowe gave the opinion that Rodriguez's history includes: "[j]oint pain, morning stiffness, orthostatic dizziness, severe fatigue, and shortness of breath."[15] Dr. Crowe took a history that Rodriguez's pain was located in her knees, hips, back, and neck with several hours of morning stiffness and evening swelling.[16]

---

[11] *White v. Commissioner of Social Security*, No. 1:20-CV-00588-JDG, 2021 WL 858662, at *15 (N.D. Ohio Mar. 8, 2021) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)).
[12] Doc. 22 at 2.
[13] Tr. at PageID #: 1355–57.
[14] *Id.* at PageID #: 1354. Dr. Crowe's handwriting is difficult to decipher, and the Court relies, in part, on transcriptions from Plaintiff's merits brief. *See* Doc. 15 at PageID# 1470.
[15] *Id.*
[16] *Id.*

-3-

Case No. 21-cv-00752
Gwin, J.

Dr. Crowe then gave an opinion that Rodriguez's ability to sit, stand, walk, lift, maneuver her fingers were all limited.[17] He suggested that she take five-minute breaks once an hour due to muscle weakness, chronic fatigue, pain, and adverse effects of her medication.[18] Dr. Crowe then noted that Rodriguez should elevate her legs at a ninety-degree angle anytime they were swollen—about 85% of the time.[19] Overall, Dr. Crowe opined that Rodriguez would be off-task 25% or more of the time and would be absent more than four days per month.[20]

Dr. Crowe assessed that plaintiff was "[i]ncapable of even 'low stress work.'"[21] As a basis for that conclusion, Dr. Crowe wrote: "Stress of chronic illness + medication effects."[22]

### B. The ALJ's Written Decision

While the ALJ determined that Rodriguez suffers from "severe impairments" including "spine disorders, system lupus erythematosus, fibromyalgia, migraine, osteoarthritis and allied disorders, chronic respiratory disorders, trauma and stressor-related disorders, depressive disorders, and anxiety disorders," the ALJ ultimately concluded that "claimant has the residual functional capacity to perform light work."

The ALJ found Dr. Crowe's opinion unpersuasive as inconsistent with Rodriguez's numerous unremarkable physical examinations findings throughout.

---

[17] *Id.* at PageID #: 1355.
[18] *Id.*
[19] *Id.* at PageID #: 1355–56.
[20] *Id.* at PageID #: 1356–57.
[21] *Id.* at PageID # 1357.
[22] *Id.*

-4-

Case No. 21-cv-00752
Gwin, J.

In support of her rejection of Dr. Crowe's disability opinion, the ALJ found that Rodriguez received physical examinations on August 2, 2017, August 22, 2017, October 26, 2017, July 28, 2018, October 17, 2018, December 13, 2018, April 8, 2019, June 6, 2019, July 3, 2019, and August 14, 2019 without any significant physical examination findings.[23] The ALJ found Dr. Crowe's disability evaluation inconsistent with medical record findings of no significant strength deficits, normal reflexes, coordination, and muscle tone. His evaluation was likewise inconsistent with findings of no respiratory distress, normal psychological condition, normal motor exam, muscle strength muscle tone and reflexes.[24]

The ALJ found these normal examination findings consistent over a large number of examinations. The ALJ cited these findings and found no significant physical limitations to standing, walking, lifting, reaching, handling, grasping, turning or fine finger manipulation, or a degree of physical limitation greater than that which is set forth in the above residual functional capacity finding.[25] The ALJ also found no support for Dr. Crowe's opinion regarding attendance and off-task behavior.[26] Finally, the ALJ found the state agency medical consultants not-disabled opinions unpersuasive.[27]

### C. Analysis

---

[23] Tr. at PageID #: 248.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

-5-

Case No. 21-cv-00752
Gwin, J.

20 C.F.R. § 404.1520c(b) requires an ALJ "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions" presented in a case. When rejecting a treating physician disability opinion, the ALJ should identify "clinical or laboratory evidence that contradict[ed] the doctor's analysis."[29] Moreover, the ALJ's reasoning needs to be logically connected to the record evidence.[30]

Rodriguez does not show that the ALJ's explanation or reasoning were deficient. The ALJ articulated reasons for finding Dr. Crowe's medical assessment unpersuasive. Namely, she directly compared the "predominantly unremarkable" results of Plaintiff's numerous medical examinations with Dr. Crowe's opinion and found that Plaintiff's "physical examination findings of record do not support any significant deficits in strength, reflexes, coordination, muscle tone, pain findings, or gait, that would tend to support the doctor's opinions."[31]

The ALJ also noted that Dr. Crowe's opinion failed to "provide an explanation with documented support" for his conclusion that Rodriguez would be off-task 25% or more of the time and absent from work more than four days per month.[32] Finally, the ALJ explained that she also based her decision in part on opinions from two state agency medical consultants that contradicted Dr. Crowe's and were "consistent with the other evidence of record."[33]

---

[29] *See Shields v. Comm'r of Soc. Sec.*, 732 F. App'x 430, 439 (6th Cir. 2018) (reversing the ALJ for failure to explain his decision to disregard a treating physician's opinion)
[30] *See e.g.*, *Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020) (collecting cases).
[31] Tr. at PageID #: 248.
[32] *Id.*
[33] Tr. at PageID #: 246–247.

Case No. 21-cv-00752
Gwin, J.

Thus, the ALJ's opinion adequately and logically articulated reasons for finding Dr. Crowe's assessment unpersuasive both because he offered no explanation or evidence to support his conclusions and because his conclusions contradicted substantial amounts of other record evidence regarding Plaintiff's condition and capabilities.

### III. Conclusion

Accordingly, the Court **ADOPTS** Magistrate Judge Henderson's R&R, and **AFFIRMS** the Commissioner's final decision.

IT IS SO ORDERED.

Dated:                              *s/    James S. Gwin*
September 1, 2022            JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE